# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JESSE JAY LANKFORD,<br><br>**Plaintiff,**<br><br>v.<br><br>PARK CITY TOW, INC., a Utah corporation; and UTAH DEPARTMENT OF TRANSPORTATION, a Utah state agency,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-cv-00986-TS-JCB**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Jesse Jay Lankford ("Mr. Lankford") filed this lawsuit in Utah Third District Court against Defendants Park City Tow, Inc. ("Park City Tow") and Utah Department of Transportation ("UDOT").[2] While the case was pending in state court, Mr. Lankford filed two successive amended complaints.[3] UDOT subsequently removed the case to this court.[4]

Soon after removal, UDOT moved to dismiss Mr. Lankford's most recent amended complaint under Fed. R. Civ. P. 12(b)(6).[5] One week later, Mr. Lankford filed another amended

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 16.

[2] ECF No. 1-3.

[3] ECF No. 1-4; ECF No. 1-5.

[4] ECF No. 1.

[5] ECF No. 7.

complaint despite failing to obtain the opposing parties' written consent or the court's leave under Fed. R. Civ. P. 15(a)(2).[6] Park City Tow subsequently answered the amended complaint Mr. Lankford filed in this court.[7]

Mr. Lankford then moved for leave to proceed in forma pauperis[8] and for leave to amend his complaint.[9] Thereafter, Mr. Lankford filed a second motion for leave to amend his complaint.[10] Among other things, Mr. Lankford's proposed amended complaint removes UDOT as a defendant and adds as defendants certain UDOT employees in their individual capacities.[11]

### ANALYSIS

For the reasons explained below, the court: (I) denies as moot Mr. Lankford's motion to proceed in forma pauperis and his first motion for leave to amend his complaint; and (II) grants Mr. Lankford's second motion for leave to amend his complaint. Each issue is addressed below.

I.    **The Court Denies as Moot Mr. Lankford's Motion to Proceed in Forma Pauperis and His First Motion for Leave to Amend His Complaint.**

First, Mr. Lankford's motion to proceed in forma pauperis is moot. Because UDOT removed this case from state court, UDOT, not Mr. Lankford, paid the filing fee.[12] Thus, there is no need to waive any fees for Mr. Lankford, and the court denies as moot his motion to proceed in forma pauperis.

---

[6] ECF No. 8.

[7] ECF No. 13.

[8] ECF No. 17.

[9] ECF No. 18.

[10] ECF No. 21.

[11] ECF No. 21-1.

[12] ECF No. 1.

Second, Mr. Lankford's first motion to amend his complaint is likewise moot. Mr. Lankford's filing of his second motion to amend his complaint supersedes his first motion. Accordingly, the court denies his first motion as moot.

## II.   The Court Grants Mr. Lankford's Second Motion for Leave to Amend His Complaint.

The court grants Mr. Lankford's second motion for leave to amend his complaint. Mr. Lankford's motion is governed by Rule 15(a)(2), which provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[13] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[14] The decision about whether to provide a party leave to amend his pleadings "is within the discretion of the trial court."[15]

None of the reasons justifying denial of Mr. Lankford's second motion appears to be present. First, there is no undue delay. Although Mr. Lankford initiated this case some time ago, no scheduling order has been entered and, consequently, no deadline for amending pleadings was previously set. Second, there does not appear to be any undue prejudice to the two current defendants because Mr. Lankford's proposed amended complaint removes UDOT as a defendant, and Park City Tow did not oppose Mr. Lankford's second motion. Third, there is no evidence of bad faith or dilatory motive on Mr. Lankford's part. Fourth, although true that Mr. Lankford has amended his complaint several times, neither current defendant argued that Mr. Lankford failed

---

[13] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation modified).

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

to cure deficiencies by amendments previously allowed. Finally, in the context of a motion for leave to amend, the court declines to consider futility because that issue would be more appropriately addressed through any dispositive motions from the new defendants added through Mr. Lankford's amendment.[16]

For those reasons, the court grants Mr. Lankford's second motion for leave to amend his complaint. Mr. Lankford may file the amended complaint attached to his second motion on or before August 20, 2026.

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.    Mr. Lankford's motion for leave to proceed in forma pauperis[17] is DENIED AS MOOT.

---

[16] *Lambe v. Sundance Mountain Resort*, No. 2:17-CV-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis because "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment under Rule 15"); *see also Obeslo v. Great-W. Cap. Mgmt., LLC*, No. 16-CV-00230-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017) ("Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15 opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." (citation modified)), *report and recommendation adopted*, No. 16-CV-00230-CMA-MJW, 2017 WL 10591349, at *1 (D. Colo. Mar. 14, 2017); *Stender v. Cardwell*, No. 07-CV-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) ("Because Defendants do not argue they face any—let alone undue— prejudice if the Court grants Plaintiffs leave to file their Amended Class Action Complaint, their opposition to the instant motion is grievously weakened. Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendants file a motion to dismiss on those grounds.").

[17] ECF No. 17.

2.    Mr. Lankford's first motion for leave to amend his complaint[18] is DENIED AS

MOOT.

3.    Mr. Lankford's second motion for leave to amend his complaint[19] is GRANTED.

4.    Mr. Lankford may file the amended complaint attached to his second motion on or

before August 20, 2026.[20]

IT IS SO ORDERED.

DATED this 6th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 18.

[19] ECF No. 21.

[20] If Mr. Lankford files his amended complaint pursuant to this order, UDOT will be terminated as a party, and, consequently, UDOT's motion to dismiss, ECF No. 7, will be terminated.