**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **JESSE JAY LANKFORD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PARK CITY TOW, INC.; et al.,**<br><br>**Defendants.** | **ORDER**<br><br>**Case No. 2:25-cv-00986-TS-JCB**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are pro se Plaintiff Jesse Jay Lankford's ("Mr. Lankford"): (1) motion for service of process;[2] and (2) motion for leave to amend the complaint.[3] Each motion is addressed in turn.

First, the court denies as moot Mr. Lankford's motion for service of process. In his motion, Mr. Lankford seeks court-ordered service of process on the three new Defendants named in his second amended complaint. After filing his motion, Mr. Lankford returned a waiver of service for each of those Defendants.[4] Consequently, service of process on those Defendants is no longer required, and, therefore, the court denies as moot Mr. Lankford's motion.

[1] ECF No. 16.

[2] ECF No. 27.

[3] ECF No. 28.

[4] ECF Nos. 29-31.

Second, the court grants Mr. Lankford's motion for leave to amend the complaint. Mr. Lankford's motion is governed by Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6] The decision about whether to provide a party leave to amend his pleadings "is within the discretion of the trial court."[7]

None of the reasons justifying denial of Mr. Lankford's motion is present. First, there is no undue delay. Although Mr. Lankford initiated this case some time ago, no scheduling order has been entered and, consequently, no deadline for amending pleadings was previously set. Second, there does not appear to be any undue prejudice to the lone Defendant that has appeared, Park City Tow, Inc., because it did not oppose Mr. Lankford's motion. As for the three new Defendants referenced above, the court sees no undue prejudice imposed on them by granting Mr. Lankford's motion because they have not yet responded to Mr. Lankford's second amended complaint. Third, there is no evidence of bad faith or dilatory motive on Mr. Lankford's part. Fourth, the court sees no failure by Mr. Lankford to cure deficiencies by amendments previously allowed. Finally, in the context of a motion for leave to amend the complaint, the court declines to consider futility because that issue would be more appropriately addressed through any

---

[5] Fed. R. Civ. P. 15(a)(2); *see also* *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation modified).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

potential dispositive motions from Defendants.[8] For those reasons, the court grants Mr. Lankford's motion for leave to amend the complaint. Mr. Lankford may file the amended complaint attached to his motion on or before December 2, 2026.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Lankford's motion for service of process[9] is DENIED AS MOOT.
2. Mr. Lankford's motion for leave to amend the complaint[10] is GRANTED.
3. Mr. Lankford may file the amended complaint attached to his motion for leave to amend on or before December 2, 2026.

IT IS SO ORDERED.

DATED this 25th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[8] *Lambe v. Sundance Mountain Resort*, No. 2:17-CV-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis because "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment under Rule 15").

[9] ECF No. 27.

[10] ECF No. 28.